1
2   Charles L. Thomason, *pro hac vice* pending
3   thomason@spatlaw[dot]com
4   SPALDING & THOMASON
5   106 N. 4th St.
6   P.O. Box 745
7   Bardstown, KY 40004
8   Telep. (502) 349-7227
9   Attorney for defendant Corcamore LLC

10          **IN THE UNITED STATES DISTRICT COURT**
11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12             **SOUTHERN DIVISION AT SANTA ANA**

13   SPROUT HEALTHY VENDING, LLC,        ⋮ Case no.  SA-CV-11-0885
14                                       ⋮     <u>BRIEF ON</u>
15                           Plaintiff,  ⋮     <u>Rule 12(b)(1) MOTION</u>
16                                       ⋮     <u>TO DISMISS.</u>
17   ~*vs.*~                             ⋮     Date: August 22, 2011
18                                       ⋮     Time: 10:00 a.m.
19   CORCAMORE, LLC,                     ⋮     Courtroom: 10D
20                           Defendant.  ⋮     Hon. Andrew J. Guilford
21   _____ ⋮

22   <u>POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.</u>

23          Specially appearing Defendant Corcamore LLC, making a limited

24   appearance in this Court, submits the following points and authorities in

25   support of dismissing the First Amended Complaint pursuant to Rule

26   12(b)(1) and Rule 9(b), FED. R. CIV. PROC.

27   Date:  29 July 2011

28                              Respectfully submitted
29
30                                 _ *~ S ~ Charles L. Thomason*
31                              Charles L. Thomason, *pro hac vice*
32                              Attorney for defendant Corcamore LLC

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| Table of Contents | …………………………………………… | 2 |
| Table of Authorities | …………………………………………… | 3 |
| Limited Appearance | …………………………………………… | 5 |
| Points and Authorities. | …………………………………………… | 5 |
| DECLARATORY JURISDICTION IS UNWARRANTED BASED ON A LETTER, AND JURISDICTION IF ANY SHOULD BE DECLINED DISCRETIONARILY. | ……………… | 5 |
| Relevant Background. | …………………………………………… | 6 |
| 1. Governing Principles of Declaratory Jurisdiction. | ……………… | 6 |
| 2. The Article III Requirement After *Medimmune*. | ……………… | 7 |
| DISCRETION TO DECLINE JURISDICTION FOR A DECLARATION OF RIGHTS ALWAYS EXISTS. | ……………… | 11 |
| LANHAM ACT §1119 DOES NOT CREATE JURISDICTION FOR PLAINTIFF'S COMPLAINT. | ……………… | 13 |
| FRAUD WAS NOT PLEADED WITH THE PARTICULARITY REQUIRED IN THIS CIRCUIT. | ……………… | 16 |
| Conclusion | …………………………………………… | 18 |

Table of Authorities.

PAGE

Federal Cases.

*Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227,
    57 S.Ct. 461, 81 L.Ed. 617 (1937) …………………………… 10

*Alltrade, Inc. v. Uniweld Prods., Inc.,*
    946 F.2d 622 (9th Cir.1991) ……………………………………… 13

*Ashcroft v. Iqbal,* __ U.S. __ , 129 S.Ct. 1937 (2007) ……… 18

*Avocent Huntsville Corp. v. Aten Intern. Co., Ltd*.,
    552 F.3d 1324 (Fed. Cir. 2008),
    *cert. den'd*, 129 S.Ct. 2796 (2009) …………………………… 11

*Blue Athletic, Inc. v. Nordstrom, Inc*.,
    2010 WL 2836303 (D.N.H. 2010) …………………………… 10

*Brillhart v. Excess Ins. Co.,*
    316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) ……… 12

*Chandler v. State Farm Mut. Auto. Ins. Co.,*
    598 F.3d 1115 (9th Cir. 2010) …………………………………… 18

*Chesebrough-Pond's, Inc. v. Faberge, Inc.,*
    666 F.2d 393(9th Cir.1982),
    *cert. den'd* 459 U.S. 967 (1982) ……………………………… 10

*Clamp-All Corp. v. Cast Iron Soil Pipe Institute,*
    1987 WL 9760 (D. Mass.1987) ……………………………… 16

*Ditri v. Coldwell Banker Residential Affiliates, Inc.,*
    954 F.2d 869 (3rd Cir.1992) …………………………………… 16

*Factors Etc., Inc. v. Pro Arts, Inc.,*
    579 F.2d 215 (2d Cir.1978) …………………………………… 11

*Fidelity Nat. Financial, Inc. v. Ousley*,
    2006 WL 2053498 (N.D.Cal. 2006) …………………………… 18

*Government Employees Ins. Co. v. Dizol*,
    133 F.3d 1220 (9th Cir. 1998) ………………………………… 11

*Hana Financial, Inc. v. Hana Bank*,
    500 F.Supp.2d 1228 (C.D.Cal. 2007) ………………… 18

*In re Bose Corp.,* 580 F. 3d 1240 (Fed. Cir. 2009) ………………… 17

*In re GlenFed, Inc. Securities Litigation*,
    42 F.3d 1541 (9th Cir. 1994) ............................................. 18

*King Auto., Inc. v. Speedy Muffler King, Inc.*,
    667 F.2d 1008 (Cust. & Pat. App. 1981) .................. 18

*Kokkonen v. Guardian Life Ins. Co. of America*,
    511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ......... 7

*Maljack Productions Inc. v. Motion Picture Ass'n of America,*
    1992 WL 78735 (D.D.C.1992) *rev'd on other grounds,*
    52 F.3d 373 (D.C.Cir.1995) ............................................. 16

*Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ......... 7

*Microsoft Corp. v. Phoenix Solutions, Inc.*,
    741 F.Supp.2d 1156 (C.D.Cal. 2010) ................................... 8

*North County Communications Corp.*
    *v. California Catalog & Technology*,
    594 F.3d 1149 (9th Cir. 2010) ................................... 6

*Postal Instant Press v. Clark*, 741 F.2d 256 (9th Cir. 1984) ......... 15

*Rhoades v. Avon Products, Inc.*,
    504 F.3d 1151 (9th Cir. 2007) ................................... 7
*Robi v. Five Platters, Inc.*, 918 F.2d 1439 (9th Cir.1990) .................. 17

*Spin Master, Ltd. v. Zobmondo Entertainment, LLC*,
    2011 WL 759382 (C.D. Cal. 2011) ................................... 17

*Skelly Oil Co. v. Phillips Petroleum Co.*,
    339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) .................. 6

*Surefoot LC v. Sure Foot Corp.*,
    531 F.3d 1236 (10th Cir. 2008) ................................... 9

*Teledyne Technologies Inc. v. Harris Corp.*,
    2011 WL 2605995 (C.D.Cal. July 1, 2011) .................. 13

*Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*,
    819 F.2d 746 (7th Cir. 1987) ............................................. 11

*Universal Sewing Mach. Co.*, 185 F.Supp. 257 (S.D.N.Y 1960) ......... 16

*Wham-O, Inc. v. Manley Toys, Ltd.*,
    2009 WL 6361387 (C.D.Cal. 2009) ................................... 8

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) .................. 11

1  *Windsurfing Intern. Inc. v. AMF Inc.*,
2      828 F.2d 755 (Fed. Cir. 1987)   ……………………………………   15

3
4  Other Authorities.
5
6  McCarthy on Trademarks and Unfair Competition
7      § 32:51.50, The Law after 2007: the *MedImmune* rule,
8      (Fourth Edition, Database updated June 2011)   ………………   8
9
10

1

## <u>LIMITED APPEARANCE.</u>

3    Defendant CORCAMORE, LLC (hereinafter "Corcamore" or

4  defendant), appears specially through its undersigned counsel, to contest any

5  allegation of personal jurisdiction and venue in this District, and further

6  here, to contest subject matter jurisdiction.

7    Without waiver of all defenses in law or equity, the following is

8  submitted in support of the motion of Corcamore LLC to dismiss the

9  Plaintiff's case from this Court for lack of subject matter jurisdiction over

10  the claims for declaratory relief.

## I.

DECLARATORY JURISDICTION IS UNWARRANTED
BASED ON A LETTER, AND JURISDICTION IF ANY
SHOULD BE DECLINED DISCRETIONARILY.

15    The single circumstance of a letter giving notice to plaintiff does not

16  equate to a case or controversy, and so, no jurisdiction exists for a suit

17  seeking declaratory relief.  Further, even where the requirements of Article

18  III are met, a court may decline jurisdiction over a declaratory case filed for

19  preemptive and forum-shopping reasons.

20    Based on the following points and authorities, the defendant requests

21  that pursuant to Rule 12(b)(1), Fed. R. Civ. Proc. that this case be dismissed.

1    **Relevant Background.**

2        A letter was sent to plaintiff advising that its branding of "Sprout" on

3    its "Health Vending" machines and services would infringe the defendant's

4    registered trademark "Sprout" for "vending machines services."  Settlement

5    was discussed, mostly via email.  Plaintiff filed suit here, then later served it.

6    **1.      Governing Principles of Declaratory Jurisdiction.**

7        In "a case of actual controversy within its jurisdiction ... any court ...

8    *may* declare the rights and other legal relations of any interested party

9    seeking such declaration, whether or not further relief is or could be sought."

10   28 U.S.C. § 2201(a) (emp. added).  This Court thus "*may*" or may decline to

11   declare rights of the "party seeking" such a declaration here.

12       The Declaratory Judgment Act is not an independent basis for subject

13   matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667,

14   671-72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *North County Communications*

15   *Corp. v. California Catalog & Technology*, 594 F.3d 1149, 1154 (9th Cir.

16   2010).  Rather, the remedy it can provide is available only when the court

17   has jurisdiction based on Article III. *Id.*

18       Defendant requests a finding that no jurisdiction for declaratory relief

19   should attach to sending one letter; and, that discretion to decline jurisdiction

20   should be exercised if current caselaw deems that one letter enough.

1      "It is to be presumed that a cause lies outside this limited jurisdiction,

2    {*cit. om.*} and the burden of establishing the contrary rests upon the party

3    asserting jurisdiction {*cit. om.*}." *Kokkonen v. Guardian Life Ins. Co. of*

4    *America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

5      Further, movant urges that the applicable *Brillhart* factors give good

6    cause now to decline plaintiff's pleas for declaratory and equitable relief.

7    **2.**    **The Article III Requirement After *Medimmune*.**

8      Prior to 2007, courts applied a "reasonable apprehension" test when

9    asked to declare the rights of parties in IP cases.  In this Circuit, there is

10    precedent that a trademark cease and desist letter creates a "reasonable

11    apprehension" of suit, which it has held can establish an Article III case or

12    controversy.  *Rhoades v. Avon Products, Inc*., 504 F.3d 1151 (9th Cir. 2007).

13      The *Rhoades* case was decided the same year as *Medimmune*, *Inc. v.*

14    *Genentech, Inc.*, 549 U.S. 118 (2007), in which the Supreme Court held that

15    the "reasonable apprehension" test conflicted with its precedent.  "The

16    reasonable-apprehension-of-suit test also conflicts with our decisions in"

17    several earlier declaratory judgment cases.  *Id.,* at 132, fn. 11.  The movant

18    here requests that jurisdiction be addressed according to *Medimmune* and its

19    progeny, which depart from the "reasonable apprehension" standard.

1      *Medimmune* concerned licensed patent rights, and its precedential

2 weight was acknowledged by the Federal Circuit, which has held that the

3 Supreme Court has done away with the "reasonable apprehension" standard.

4 This Court has acknowledged that "[i]n *MedImmune, Inc. v. Genentech, Inc.,*

5 the Supreme Court rejected the requirement that there be a reasonable

6 apprehension of suit." *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741

7 F.Supp.2d 1156, 1160-61 (C.D.Cal. 2010).[1]

8      The *Medimmune* precedent should govern in this trademark case,

9 because the "rule applied to declaratory judgment issues in patent disputes

10 has traditionally carried over to be applied in trademark cases." McCarthy

11 on Trademarks and Unfair Competition § 32:51.50, The Law after

12 2007: the *MedImmune* rule, (Fourth Edition, Database updated June 2011).

13      No 9th Circuit case was found that interprets the effect of *Medimmune*

14 in cases here.  No decision was found since *Rhoades* was decided, in which

15 the 9th Circuit invokes, or even mentions, the "reasonable apprehension"

16 standard.  It should be concluded that the Circuit court no longer would use

17 the "reasonable apprehension" standard, and would follow *Medimmune*.

---

[1]     See too, *Wham-O, Inc. v. Manley Toys, Ltd.*, 2009 WL 6361387 (C.D.Cal. 2009) (finding no case or controversy of immediacy where defendant already had filed "cancellation" and "opposition" notices that made claims "that Wham-O's application was fraudulent," which "actions [we]re currently pending before the TTAB.").

1       Here, the proper assessment would require that that something more

2   one letter must be shown to establish Article III jurisdiction.  In general,

3   something more than a letter should be required, or some action of more

4   "immediacy" or concretely litigious should be required after *Medimmune*.[2]

5       Before declaratory jurisdiction is found, a showing of some other

6   litigious activity has been required in IP cases that begin with a letter.  In

7   *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236 (10th Cir. 2008), the Circuit

8   court "found declaratory judgment jurisdiction from a combination of five

9   USPTO inter partes challenges and a …cease and desist letter."  It noted that

10  its prior precedent was no longer the law after *Medimmune*, stating that the

11  Supreme "Court rejected the reasonable apprehension of suit test on the

12  basis that Article III is the touchstone of declaratory judgment jurisdictional

13  analysis."  *Surefoot*, at 1243.

14      Decisions like *Surefoot* require a "combination" of acts by a defendant

15  in order to find jurisdiction for an action seeking declaratory relief.  The

16  added circumstance in *Surefoot* was identified as follows.  "And Sure Foot

17  ND has sought to impede Surefoot UT in its use of the `Surefoot' mark by

18  commencing trademark cancellation and opposition proceedings in the

19  TTAB." *Id.*, 1246.  It was the "combination" of the letter, plus the TTAB

---

[2]     A "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  549 U.S. at 148.

1   proceedings that met the standard.  "Most importantly of all, were we to hold

2   TTAB opposition filings as a class irrelevant to Article III analysis, we

3   would disregard the Supreme Court's direction that, in assessing whether a

4   live controversy exists between the parties, we must both take into account

5   'all the circumstances' before us." *Id.*  In a later case, predicated only on

6   TTAB proceedings, a court found no declaratory jurisdiction.  This confirms

7   that something more than a single circumstance needs to be shown.  *Blue*

8   *Athletic, Inc. v. Nordstrom, Inc*., 2010 WL 2836303 (D.N.H. 2010) (finding

9   "the combination of two demand letters and formal TTAB opposition on

10  infringement grounds ...sufficient to meet the *MedImmune* standard.").

11       The panel in *Surefoot*, at fn. 9, finds support for the letter plus other

12  circumstances standard based on a 9th Circuit decision, which involved a

13  filed notice of opposition plus a threatening letter.  *Chesebrough-Pond's,*

14  *Inc. v. Faberge, Inc.,* 666 F.2d 393, 396-97 (9th Cir.1982), *cert. den'd,* 459

15  U.S. 967 (1982).  Moreover, the *Medimmune* decision draws from its *Aetna*

16  ruling[3], where in addition to an exchange of letters, the insurer had to hold

17  funds in "reserve" against the contingent liability of the claimant.  That

---

[3]      *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-40, 57 S.Ct. 461, 81 L.Ed. 617 (1937) ("The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense.")

1  suggests that a letter is inadequate, and that the legal compulsion to create a

2  "reserve" was the something more that gave immediacy to the dispute.

3       "The Declaratory Judgment Act provides that a court 'may declare the

4  right and other legal relations of any interested party' ... not that it must do

5  so." *MedImmune, id.*  Here, the plaintiff alleges one letter, and nothing more.

6  There has been no 'combination' of circumstances, no further coercive or

7  additional litigious actions by defendant, which are the touchstone of the

8  post-*Medimmune* decisions in declaratory trademark cases.[4]  For these

9  reasons, plaintiff cannot meet its burden to show that jurisdiction exists, and

10  the suit it hastily filed here should be dismissed.

11           DISCRETION TO DECLINE JURISDICTION FOR
12           A DECLARATION OF RIGHTS ALWAYS EXISTS.

13       Were it suggested persuasively that jurisdiction for a declaration of

14  rights can be shown, still this Court has discretion to decline the suggestion.

15  This Court enjoys "unique and substantial discretion in deciding whether to

16  declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286

17  (1995).  In this Circuit, courts apply the *Brillhart* factors to assess whether to

18  exercise their discretionary jurisdiction to declare rights.

---

[4]       The overall combination of actions assessment is aligned or comparable with the "other activities" aspect of specific jurisdiction; see, *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, fn. 2 (Fed. Cir. 2008), noting "exclusive licensing agreements and other undertakings that impose enforcement obligations on a patentee or its licensee reflect the kind of 'other activities' that support specific personal jurisdiction in a declaratory judgment action."  *Id.* at 1335 (held no jurisdiction "with respect to the patent and Lanham Act claims" for declaratory relief), *cert. den'd*, 129 S.Ct. 2796 (2009).

1    The decision in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct.

2    1173, 86 L.Ed. 1620 (1942), and reaffirmed in *Wilton,* set out that a district

3    court enjoys discretion to decide whether to accept jurisdiction over an

4    action for declaratory relief, or to decline to hear it.  The most pertinent

5    *Brillhart* factor here is avoiding precipitous filings made to forum shop.

6    "The *Brillhart* factors remain the philosophic touchstone for the

7    district court …[which] should discourage litigants from filing declaratory

8    actions as a means of forum shopping."  *Government Employees Ins. Co. v.*

9    *Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).  There can be little question that

10   the plaintiff filed its lightly-pleaded suit to forum-shop and/or to leverage it

11   toward extracting some unreasonable compromise from defendant.

12   Many circuits have noted that discretion should be used to decline

13   jurisdiction over suits filed, not because of Article III needs, but simply to

14   forum shop and to use the suit coercively.  Suits for "declaratory judgments

15   are not to be used defensively to deny a prospective plaintiff's choice of

16   forums." *Dizol*, *supra*, at 1225.  See, *Tempco Elec. Heater Corp. v. Omega*

17   *Eng'rg, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987) ("'[T]he federal declaratory

18   judgment is not a prize to the winner of the race to the courthouse.'" *Factors*

19   *Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir.1978) (quoting *Perez v.*

20   *Ledesma,* 401 U.S. 82, 119 n. 12 (1971) (Brennan, J., dissenting)), *cert.*

1   *denied,* 440 U.S. 908 (1979); "Anticipatory suits are disfavored because they

2   are an aspect of forum-shopping,"  quoted from *Factors*, *supra*, in *Alltrade,*

3   *Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622 (9th Cir.1991).

4       The discouragement of suits filed to forum-shop factor from the *Dizol*

5   and *Brillhart* line of cases should be given great weight here in deciding to

6   decline to exercise jurisdiction, if any, over the claims for declaratory relief.

7   Also, the other factors[5] bear in favor of defendant, which regard the access

8   to proof and convenience factors that are addressed in the Declarations that

9   accompany the motion to dismiss for improper venue.

10                 LANHAM ACT §1119 DOES NOT CREATE
11           JURISDICTION FOR PLAINTIFF'S COMPLAINT.
12
13       Plaintiff (as expressed in counsels' pre-motion conference) that the

14   pleading of a trademark was enough to create "subject matter jurisdiction."

15   The rejoinder was citation to *Medimmune*, and to well-settled law that the

16   Declaratory Judgment Act is not alone enough for federal court jurisdiction.

17   In addition, no jurisdiction was pleaded, or exists, for Count II in plaintiff's

18   First Amended Complaint.

---

[5]       See generally, *Teledyne Technologies Inc. v. Harris Corp.*, 2011 WL 2605995 (C.D.Cal. July 1, 2011) ("the anticipatory nature of Teledyne's suit is but one factor ...[but here] the convenience and availability of witnesses, the location of documents, judicial expediency and efficiency, and the preemptive nature of Teledyne's suit all merit dismissal of this declaratory judgment action.").

1    Plaintiff twice has pleaded its Complaint, but each iteration has the

2    same unadorned, boilerplate assertion of "false and intended to deceive" the

3    USPTO.  From this, it may be thought that the pleader was unaware of the

4    requirements set out plainly in the governing caselaw and Rule 9(b).

5    First, district courts may find the power, *i.e*., jurisdiction, to hear a

6    cancellation claim, but only after there is an "action involving a registered

7    mark."  The prevailing law is that an existing "action" is necessary, and one

8    already "involving" a trademark.  The statutory term "involving" was given

9    full meaning by the Federal Circuit, which held that the term "cannot mean

10   the mere presence of a registered trademark" in a pleading.  *Windsurfing*

11   *Intern. Inc. v. AMF Inc*., 828 F.2d 755, 758 (Fed. Cir. 1987) (something

12   beyond mere competitor status is necessary to serve as a basis for a court's

13   jurisdiction to hear a cancellation claim).[6]  That accords with the caselaw in

14   this Circuit, readily available to the pleader here, that "the mere existence of

15   the protected trade name and attendant symbol herein does not provide a

16   basis for federal jurisdiction." *Postal Instant Press v. Clark*, 741 F.2d 256,

17   257 (9th Cir. 1984).  Plaintiff pleaded such a 'mere presence' claim.

18   The *Windsurfing* and *Clark* precedent followed earlier, and still

---

[6]       "In any action involving a registered mark the court may determine the right to registration, order
the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the
register with respect to the registrations of any party to the action."  15 U.S.C. §1119.

1    prevailing caselaw, which recognized that § 1119 of the Lanham Act is "is

2    not an independent source of jurisdiction, however; it merely defines certain

3    available remedies." *Clamp-All Corp. v. Cast Iron Soil Pipe Institute,* 1987

4    WL 9760 n. 12 (D. Mass.1987), *and Maljack Productions Inc. v. Motion*

5    *Picture Ass'n of America,* 1992 WL 78735 (D.D.C.1992) *rev'd on other*

6    *grounds,* 52 F.3d 373 (D.C.Cir.1995).

7         That an action involving a registered mark is necessary before there is

8    jurisdiction to hear a cancellation claim is accepted in other circuits.  A

9    preexisting action "as to the validity of or interference with a registered

10   mark must exist before a district court has jurisdiction to grant the

11   cancellation remedy." *Ditri v. Coldwell Banker Residential Affiliates, Inc.,*

12   954 F.2d 869, 873 (3rd Cir.1992).

13        The decision in *Ditri* confirms the rulings in *Windsurfing*, *Maljack*

14   and others that § 1119 of the Lanham Act is "is not an independent source

15   of" subject matter jurisdiction.  The observations made in *Universal Sewing*

16   *Mach. Co.,* 185 F.Supp. 257, 260 (S.D.N.Y 1960) apply here.  "In our view

17   § 37 [15 U.S.C. § 1119] assumes a properly instituted and otherwise

18   jurisdictionally supportable action involving a registered mark." "That not

19   being the case here, [this Court is] without jurisdiction of the subject matter

20   and upon that ground we must dismiss the complaint."

## FRAUD WAS NOT PLEADED WITH THE
## PARTICULARITY REQUIRED IN THIS CIRCUIT.

Good grounds exist to dismiss Count II because if fails to plead fraud

with particularity.  The pleader must be aware of Rule 9(b), and too, aware

of the caselaw that imposes the particularity requirements on cancellation

claims.  By no measure did the pleader here provide particulars for Count II,

which precedent clearly requires particulars of the applicant or registrant

making: (1) "a false representation;" (2) "regarding a material fact;" (3) with

"knowledge or belief that the representation is false;" (4) with "the intent to

induce reliance upon the misrepresentation;" (5) "reasonable reliance

thereon;" and (6) "damages proximately resulting from the reliance." *Robi v.*

*Five Platters, Inc.,* 918 F.2d 1439, 1444 (9th Cir.1990).

Moreover, the pleader should be familiar with caselaw from this

District Court, which lays out the "heavy burden" imposed on allegations of

fraud in a cancellation claim.  It plainly was available to the pleader here in a

decision remanded to this District, after reversal by the 9th Circuit, in *Spin*

*Master, Ltd. v. Zobmondo Entertainment, LLC*, 2011 WL 759382 (C.D. Cal.

2011).  That decision, which is controlling, recites that:

> The burden to prove fraud is "heavy," *Robi,* 918 F.2d at
> 1439, and must be shown by clear and convincing
> evidence, *In re Bose Corp.,* 580 F. 3d 1240, 1243 (Fed.
> Cir. 2009). "Indeed, ' the very nature of the charge of
> fraud requires that it be proven "to the hilt" with clear and

1    convincing evidence. There is no room for speculation,
2    inference or surmise and, obviously, any doubt must be
3    resolved against the charging party.' " *Id.*

4    Just as the pleader ignored the *Zobmondo* and *Robi* decisions, also

5    missed were rulings requiring Rule 9(b) particularity to plead a cancellation

6    claim, again from this Court.  *Hana Financial, Inc. v. Hana Bank*, 500

7    F.Supp.2d 1228, 1233-34 (C.D.Cal. 2007), citing authorities including *King*

8    *Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010 (Cust. & Pat.

9    App. 1981) ("Rule 9(b) requires that the pleadings contain explicit rather

10   than implied expression of the circumstances constituting fraud.").

11   Dismissal is appropriate where the lack of particulars makes the claim

12   implausible.  To survive a motion to dismiss, allegations must be "more than

13   labels and conclusions."  Proper pleading "demands more than an unadorned

14   …accusation. *Ashcroft v. Iqbal*, __ U.S. __ , 129 S.Ct. 1937, 1959 (2007)

15   (to get past a motion to dismiss the pleaded claim must be plausible on its

16   face.  The 9th Circuit "cases have consistently required that circumstances

17   indicating falseness be set forth." *In re GlenFed, Inc. Securities Litigation*,

18   42 F.3d 1541, 1549 (9th Cir. 1994) (every "plaintiff must set forth more than

19   the neutral facts necessary to identify the transaction ...[and] must set forth

20   an explanation as to why the statement or omission complained of was

21   false.").  The pleader here needed to look no further than the decisions on

1   cancellation, from this District Court, and those from the 9th Circuit.

2   Instead, the most plausible view is that the complaint was hastily put

3   together, unadorned with particulars, simply as a race to the courthouse.  It

4   properly should be ruled as inadequately pleaded, both on its face, and in

5   view of the well-settled requirements of the governing caselaw.

6                    CONCLUSION

7        Under the *Medimmune* decision more than a single letter giving notice

8   is required for plaintiff to prove that Article III allows its declaratory claims

9   to be heard here.[7]  Even if that showing were made, good grounds exist for

10   this Court to decline to exercise its authority to declare the rights.  Mainly,

11   this is a hastily-pleaded suit, which alleged matters formulaically, and was

12   filed to forum shop and as a means of coercion.

13        Defendant urges the Court to dismiss the case pleaded here for lack of

14   jurisdiction over the claims for declaratory and equitable relief, or in the

15   alternative, to dismiss based on its discretion to decline to hear the case that

16   was filed here quickly to forum shop and for other improper reasons.[8]

17   Date:  29 July 2011

---

[7]     To seek declaratory and equitable relief, the "party asserting federal subject matter jurisdiction bears the burden of proving its existence."  *Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010).

[8]     "These circumstances indicate plaintiffs filed this declaratory judgment action in an attempt to forum shop ...[and it] would be inequitable to reward plaintiffs' forum shopping."  *Fidelity Nat. Financial, Inc. v. Ousley*, 2006 WL 2053498 (N.D.Cal. 2006).

1                    Respectfully submitted

2

3                    _~ S ~ *Charles L. Thomason*_

4                    Charles L. Thomason, *pro hac vice*

5                    Spalding & Thomason

6                    106 N. 4th St.

7                    P.O. Box 745

8                    Bardstown, KY 40004

9                    thomason@spatlaw[dot]com

10                  Telep. (502) 349-7227

11                  Telefax: none

12                  Attorney for defendant Corcamore LLC

13                  Local Counsel for Limited Appearance

14                  By Specially appearing defendant

15                  Corcamore LLC.

16

17                  James R. Koelzer, Esq.

18                  jpkoelzer@rmkc.com

19                  Robins Kaplan Miller & Ciresi L.L.P.

20                  2049 Century Park East, Suite 3400

21                  Los Angeles, CA  90067

22                  Tel. (310) 552-0130

# CERTIFICATE OF SERVICE

1

2        I hereby certify that on this 29th day of July, 2011, , I electronically

3   filed the foregoing Points and Authorities in Support of Motion to Dismiss

4   under Rule 12(b)(1) and Rule 9(b), FED. R. CIV. PROC., to the following

5   counsel of record for:

6                John M. Kim (Bar No. 188997)
7                IP Legal Advisors P.C.
8                1940 Garnet Ave., Suite 230
9                San Diego, Calif. 92109
10               Plaintiff's Attorney
11
12   Date:  29 July 2011
13
14
15                      _  ~ S ~ Charles L. Thomason
16                      Charles L. Thomason
17
18